```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY


_____
                               :
RICARDO RIVERA, JR.,           :
                               :
          Petitioner,          :    Civ. No. 21-0040 (NLH)
                               :
     v.                        :    MEMORANDUM OPINION AND ORDER
                               :
UNITED STATES OF AMERICA,      :
                               :
          Respondent.          :
_____:
```

**APPEARANCES**:

RICARDO RIVERA, JR.
41323-050
PETERSBURG MEDIUM
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 90043
PETERSBURG, VA 23804

*Petitioner appearing pro se*

ANDREW B. JOHNS
DOJ-USAO
DISTRICT OF NJ
401 MARKET STREET, 4TH FLOOR
P.O. BOX 2098
CAMDEN, NJ 08071-2098

*Counsel on behalf of Respondent United States of America*

**Hillman, District Judge**

WHEREAS, Petitioner Ricardo Rivera, Jr. filed a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255, see ECF No. 1; and

WHEREAS, the Court administratively terminated the motion

1

as Petitioner failed to include the certification on page 17 of the District's form, which required Petitioner to acknowledge that he must include all the grounds for relief from the conviction or sentence in the Petition and if he failed to set forth all the grounds, he may be barred from presenting additional grounds at a later date, ECF No. 3; and

WHEREAS, Petitioner having submitted an amended motion, which included a request for the Court to appoint counsel for Petitioner, ECF No. 4; and

WHEREAS, there is no right to counsel in post-conviction proceedings.  See Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), superseded on other grounds by statute, 28 U.S.C. § 2254.  However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require . . . ."; and

WHEREAS, in Reese, the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court.  Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims."  Reese, 946 F.2d at 263-64; and

WHEREAS, the Court will deny the request for counsel

without prejudice.  The Court finds it is not in the interests of justice to appoint counsel at this time because the issues involved in this case do not appear overly complex but reserves the right to reevaluate the request in the future,

THEREFORE, IT IS on this 4th day of March, 2021

ORDERED that within forty-five (45) days of the date of the entry of this Order, the United States shall electronically file and serve an answer to the amended § 2255 Motion; and it is further

ORDERED that the answer shall respond to the allegations and grounds of the Motion and shall adhere to Rule 5 of the Rules Governing Section 2255 Proceedings; and it is further

ORDERED that the answer shall address the merits of each claim raised in the Motion as well as whether the Motion is timely; and it is further

ORDERED that the answer shall contain an index of exhibits; and it is further

ORDERED that if the answer refers to briefs or transcripts, orders, and other documents from prior proceedings, then the United States shall serve and file them with the answer; and it is further

ORDERED that Petitioner may serve and file a reply to the answer within forty-five (45) days after the answer is filed; and it is further

3

ORDERED that any request to deviate from this Order to Answer shall be made by motion; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular first-class mail.

Date: March 4, 2021               s/ Noel L. Hillman  
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.