UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

RICARDO RIVERA, JR.,              Civil Action No. 21-00040

    Petitioner,
                                  **OPINION**
  v.

UNITED STATES OF AMERICA,

    Respondent.

---

**APPEARANCES**:

RICARDO RIVERA, JR.
41323-050
PETERSBURG MEDIUM
FEDERAL CORRECTIONAL INSTITUTION
INMATE MAIL/PARCELS
P.O. BOX 90043
PETERSBURG, VA 23804

    *Petitioner appearing pro se*

ANDREW B. JOHNS
DOJ-USAO
DISTRICT OF NJ
401 MARKET STREET, 4TH FLOOR
P.O. BOX 2098
CAMDEN, NJ 08071-2098

    *Counsel on behalf of Respondent United States of America*

**HILLMAN**, **District Judge**

    This matter comes before the Court on Petitioner Ricardo Rivera Jr.'s ("Petitioner") Amended Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No.

1

4.)  For the reasons set forth below, the Court will deny the motion.

## I. BACKGROUND

On September 21, 2007, Petitioner was convicted of possessing a firearm in violation of 18 U.S.C. § 922(g)(1).  See No. 06-849, ECF No. 18 (judgment of conviction).  Petitioner did not file an appeal.

Over a decade later, on March 16, 2018, Petitioner filed his initial Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255.  See No. 18-03702, ECF No. 1.  After Petitioner's initial habeas petition was administratively terminated, Petitioner filed an amended petition, which alleged ineffective assistance of counsel, prosecutorial misconduct related to his pre-sentence investigation report, and also sought to challenge his state court convictions.  See No. 18-03702, ECF No. 5.  On November 2, 2018, the Court concluded that the first habeas petition was untimely and the Petitioner failed to properly explain why the petition was timely under 28 U.S.C. § 2255(f).  Rivera v. United States, No. 18-3702, 2018 U.S. Dist. LEXIS 187685, at *3 (D.N.J. Nov. 2, 2018).  The Court dismissed the first habeas motion without prejudice to allow Petitioner to file a motion to re-open the matter for consideration of statutory or equitable tolling issues within sixty days from the entry of the Court's Opinion and

accompanying Order.  Id. at *6.  The docket in Civ. No. 18-3702 indicates the copies of the Court's Opinion and Order sent to Petitioner were returned as undeliverable mail; however, to date, Petitioner has failed to pursue his first habeas petition beyond the filing of the amended petition on April 5, 2018. Moreover, in the present petition, Petitioner explains he chose to not appeal the Court's decision regarding his first habeas petition because Petitioner "believed that [he] needed more Supreme Court rulings/decisions in [his] favor."  (ECF No. 4 at 5.)

On January 4, 2021, Petitioner filed his second Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255.  The Court administratively terminated Petitioner's second habeas motion with the right to re-open because the Petitioner failed to include the certification of the District's form, which required Petitioner to acknowledge that he must include all grounds for relief from the conviction or sentence in his petition and if he failed to set forth all the grounds, he may be barred from presenting additional grounds at a later date.  (ECF No. 3.)[1]  Petitioner has since then filed the instant

---

[1] The Court notes Petitioner submitted the same required certification that he was aware of the requirement that he must present all of his claims in a single § 2255 motion during his initial habeas petition as required by United States v. Miller, 197 F.3d 644 (3d Cir. 1999).  See No. 18-3702, ECF No. 5 at 14.)

3

Amended Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 (the "instant Petition"). (ECF No. 4.) In the instant Petition, Petitioner argues that his conviction is invalid due to the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). Petitioner argues that "[t]he Government failed to properly prove the knowledge of status element." (ECF No. 4 at 5.)

On March 4, 2021, the Court ordered the Government to file a response to the instant Petition. The Government argues this Court must deny the instant Petition because, among other reasons, it constitutes a "second or successive" habeas petition and thus may not be pursued without approval from the Third Circuit. (ECF No. 6 at 3-4.) This Court agrees with the Government.

## II. STANDARD OF REVIEW

Section 2255 provides in relevant part that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

## III. DISCUSSION

### a. No evidentiary hearing will be held

A district court must hold an evidentiary hearing on a § 2255

motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); see also United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005). Here, the record conclusively demonstrates that Petitioner is not entitled to relief. Therefore, the Court will not conduct an evidentiary hearing.

   **b. The instant Petition constitutes Petitioner's second or successive habeas petition**

"It is axiomatic that federal courts are courts of limited jurisdiction, and as such are under a continuing duty to satisfy themselves of their jurisdiction before proceeding to the merits of any case." Pierce v. United States, No. 14-0758, 2015 U.S. Dist. LEXIS 25366, at *4 (D.N.J. Mar. 3, 2015) (quoting Packard v. Provident Nat. Bank, 994 F.2d 1039, 1049 (3d Cir. 1993)). Here, Petitioner has asserted jurisdiction under 28 U.S.C. § 2255. This is Petitioner's second habeas petition filed in this district and, although he alleges different grounds for relief, the instant Petition challenges the same underlying conviction as his previous petition. Thus, the instant Petition must be considered a "second or successive" motion under § 2255, for which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction.[2] 28 U.S.C. § 2255(h).

---

[2] Petitioner does not allege that he has received permission from the Third Circuit to file a second or successive motion and it does not appear from this Court's review of filings in the Third

5

"If a 'second or successive' habeas petition is filed in the district court without authorization from the appropriate court of appeals, the district court may dismiss for lack of jurisdiction or transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631." Pierce, 2015 U.S. 25366, at *4 (citing Padilla v. Miner, 150 F. App'x 116 (3d Cir. 2005); Littles v. United States, 142 F. App'x 103, 104 n.1 (3d Cir. 2005)). "However, because § 2244(b) is effectively 'an allocation of subject-matter jurisdiction to the court of appeals,' Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002) (quoting Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)), a district court may dismiss such a petition only without prejudice." Id. (citing Ray v. Eyster, 132 F.3d 152, 155-56 (3d Cir. 1997)).

Here, Petitioner's first habeas petition was dismissed as untimely. "[C]ourts are generally in agreement that the dismissal of a first federal petition as untimely constitutes an adjudication on the merits, rendering any later-filed petition 'second or successive.'" Pierce v. United States, No. 14-0758, 2015 U.S. Dist. LEXIS 103057, at *5 (D.N.J. Aug. 6, 2015)(citing McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) ("We therefore hold that dismissal of a section 2254 habeas petition

---

Circuit that he sought or received such permission.

6

for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA ....") (cited with approval in Stokes v. Gehr, 399 F. App'x 697, 699 n.2 (3d Cir. 2010)); Villanueva v. United States, 346 F.3d 55, 58 (2d Cir. 2003) (holding that a petition that has been dismissed as time-barred has been decided on the merits and renders any petition "second or successive" under the AEDPA); Candelaria v. Hastings, No. 12-3846, 2014 U.S. Dist. LEXIS 79966 (D.N.J. June 12, 2014); Terry v. Bartkowski, No. 11-0733, 2011 U.S. Dist. LEXIS 124915 (D.N.J. Oct. 28, 2011)). Thus, because Petitioner's initial federal habeas petition, Civ. No. 18-03702, was dismissed as untimely, it was adjudicated on the merits and the instant Petition is second or successive. For this reason, Petitioner may not file the instant Petition without leave of the appropriate Court of Appeals.

The Court must now determine whether transfer of the instant Petition to the Court of Appeals for the Third Circuit, for consideration as an application for leave to file a second or successive petition, would be in the interest of justice. Under 28 U.S.C. §§ 2244 and 2255, the Court of Appeals may authorize the filing of a second or successive § 2255 motion only if it contains

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

7

> convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner does not sufficiently allege how he could meet either of these two statutory exceptions. In the instant Petition, Petitioner states "[u]nder Teague v. Lane, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to case on collateral review if it announces a rule that is substantive. A decision is 'substantive' if it 'alters the range of conduct or the class of persons that the law punishes.' Rehaif does just that." (ECF No. 4 at 13) (citations omitted). The Court agrees with the Government that this an invocation of the statutory exception at 28 U.S.C. § 2255(h)(2). However, the Third Circuit recently held that Rehaif, the only grounds for relief in the instant Petition, "did not state a rule of constitutional law. Rather it addressed what the *statutes* enacted by Congress require for a conviction under 18 U.S.C. 922(g) and 924(a)(2). Specifically *Rehaif* addressed what it means for someone to have 'knowingly' violated 922(g)." In re Sampson, 954 F.3d 159, 161 (3d Cir. 2020). Accordingly, it would not be in the interest of justice to transfer the instant Petition to the Court of Appeals for the Third Circuit.

8

**IV.    Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. 2253(c)(2).

"A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court's procedural ruling is correct.  Accordingly, this Court will decline to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

## **CONCLUSION**

For the reasons set forth above, this Court finds that it lacks jurisdiction over the instant Petition and will dismiss it without prejudice.

An appropriate Order will be entered.

Date: June 28, 2021                    s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.